UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED
2014 DEC -1 PM 1: 28

MALIBU MEDIA,

    Plaintiff,

vs.

JOHN DOE SERVED WITH CLAIM OF
ASSIGNMENT TO IP ADDRESS
96.252.235.193

    Defendants.

_____/

CASE No. 8:14-Cv-2138-t-33map

**MOTION FOR EXTENSION OF TIME**

## MOTION FOR EXTENSION OF TIME

COMES NOW the petitioner, JOHN DOE SERVED WITH CLAIM OF ASSIGNMENT TO IP ADDRESS 96.252.235.193, the undersigned, and moves the Court for an extension of time of at least sixty (60) days from the hearing date in this matter currently scheduled after December 1, 2014. As grounds for the need for more time, the president, NOT AN ATTORNEY, of the served John Doe, a corporation, states:

1. The Verizon customer served as JOHN DOE was a small business incorporated in Tennessee 28 years ago. It was not incorporated in the State of Florida. It neither purchased nor sold goods or services in Florida. This corporation paid 100% of the costs of the Verizon services.

2. This Tennessee based business, established in 1987, is in the very final steps of being closed due to the lengthy ill health and disability of its president. Final tax and corporate papers for closure were filed with government agencies in two states well prior to service of this notice. The corporation has no assets. If this matter is pressed it will take significant time to formulate the appropriate response.

3. The president of the defunct company is a fully disabled person without representation.

His disability, recognized as total by both his disability insurance company and the U.S. Government is the primary reason for the business closure. Entering into a complex legal issue with no resources and extremely limited productive time also threatens to be burdensome in the extreme. At a minimum it will require the requested time to study these issues and determine if an attorney is necessary and locate such an attorney.

4. Being disabled, the president has a very limited income.

To personally retain counsel in the stead of the corporation would have a serious impact on the president's financial situation and future health. The decision to retain counsel must be very carefully considered and its necessity unequivocally established. The time to establish this need and locate possible pro bono council seems likely to be at least the length of time requested.

4. Wrong Address.

Through the simple expedient of searching the internet for the query, "How to find my IP address?" it has been determined that the IP address noted in the subpoena, 96.252.235.193, is not in fact the IP of the network in use. The requested time is needed to determine the importance of this fact.

7. Open network.

The company's internet connection had a second, open network from the beginning of service from Verizon. Verizon uses a cable modem which is also a wireless network hub. This network was not used by the company and was available to anyone within range. Knowledge of these areas is limited and will again require the significant time for study and advice.

I apologize if this documents fails to meet the usual standards of the court. Broadly speaking, a considerable time to learn, understand and prepare for the problems posed by this action is required.

CASE No. 8:14-Cv-2138-t-33map

**MOTION FOR EXTENSION OF TIME**

WHEREFORE, Petitioner requests that the Court postpone the above-named proceeding for at least sixty (60) days to permit the John Doe to prepare for the proceeding. Respectfully submitted, the named JOHN DOE, a Tennessee Corporation, signed for by its president this 28th day of November, 2014. email to *igetemail@post.com*

_____, with claimed IP address 96.252.235.193

## CERTIFICATE OF SERVICE

I hereby certify that on 12/1/2041, I served a copy of the foregoing document, via FAX, Hand Delivery and US Mail, on:

M. K. Lipscomb
Lipscomb, Eisenberg & Baker
2 S. Biscayne Blvd
Suite 3800
Miami, FL 33131

Verizon Compliance
Records
PO Box 1001
San Angelo, TX 76902
*VIA FAX*