UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Case No.: 8:14-cv-02138-VMC-MAP |
| v. | ) |
| WILLIAM SHARP, | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH PLAINTIFF'S SUBPOENA ON VERIZON AND MOTION FOR PROTECTIVE ORDER AGAINST INFORMATION PROTECTED BY THE CABLE ACT WITH INCORPORATED MEMORANDUM OF LAW [CM/ECF 46]**

## I. INTRODUCTION

The Cable Act expressly authorizes ISPs to release subscriber information pursuant to a court order. The subpoenaing party need not be a governmental entity to obtain such an order. Indeed, Plaintiff has obtained thousands of court orders authorizing ISPs to release subscriber information. To wit: this exact process under the Cable Act was used at the start of this case to obtain Defendant's identifying information. Thus, it is Defendant, not Plaintiff, who misreads the Cable Act; ample authority proves this true. As such, Plaintiff's subpoena to Defendant's ISP is proper, seeks discoverable information, and should not be quashed. For the foregoing reasons, as explained more fully below, Plaintiff respectfully requests this Court deny the subject Motion to Quash and permit Plaintiff to proceed with its deposition *duces tecum* of Defendant's ISP.

## II. LEGAL STANDARD

Fed. R. Civ. P. 45(d)(3) provides that a court must modify or quash a subpoena that fails

1

to allow a reasonable time to comply; requires a person to comply beyond the geographical limits specified in Rule 45(c); requires disclosure of privileged or other protected matter, if no exception or waiver applies; or, subjects a person to undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A)(i-iv). The Rule also provides for circumstances in which a court may modify or quash a subpoena. These circumstances are when the subpoena requires disclosure of trade secret or other confidential research, development, or commercial information; or disclosure of certain expert opinions. *See* Fed. R. Civ. P. 45(d)(3)(B)(i-ii). "No other grounds are listed." *Malibu Media, LLC v. John Does 5-8*, 2013 WL 1164867 at *2 (D. Colo. 2013) (denying motion to quash that failed to satisfy Rule 45). And, "[t]he party seeking to quash a subpoena bears the burden of establishing at least one of the requirements under Rule 45(d)(3)." *Malibu Media, LLC v. Doe*, No. 8:14-CV-874-T-36AEP, 2014 WL 5599105, at *3 (M.D. Fla. Nov. 3, 2014).

    **III.    PLAINTIFF'S SUBPOENA SHOULD NOT BE QUASHED**

        **A. As Early as August 31, 2015 Defendant Had Notice of Plaintiff's Intent to Subpoena His ISP**

Defendant's first argument asserts that the subpoena should be quashed because "it was served on counsel for Defendant too late and with insufficient notice." Motion, p. 3. While Defendant was not provided fourteen days formal notice prior to service of the subpoena, on August 31, 2015, Plaintiff's counsel conferred with defense counsel regarding Plaintiff's Motion for Entry of an Order Authorizing Plaintiff to Serve a Third Party Subpoena on Verizon. Plaintiff's motion was filed that same day. Accordingly, as early as August 31, 2015, Defendant was aware of Plaintiff's intent to subpoena Defendant's ISP, knew what information Plaintiff intended to seek from the ISP, and had a copy of the subpoena that would be served on the ISP which contained a description of the subpoenaed documents and deposition topics although no date or location certain was provided.

Plaintiff's third party subpoena motion was denied on September 8, 2015. With the discovery deadline approaching, the deposition needed to be set. Plaintiff respectfully suggests that in light of the importance of the discovery, which Plaintiff began attempting to obtain well-before the discovery deadline through Plaintiff's denied motion, and considering the lack of surprise to Defendant, Plaintiff should be permitted to obtain the discovery from Defendant's ISP. Further, this Court can remedy the timing issue by extending the discovery deadline as stated in the Court's Order of September 23, 2015. CM/ECF 47. Defendant would suffer no prejudice if Plaintiff deposes Verizon after the discovery deadline at a mutually agreeable date and time.[1] The goal of discovery is to ensure that both parties have equal access to all relevant facts and information so that "the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Gonzalez v. ETourandTravel, Inc.*, No. 6:13-cv-827, 2014 WL 1250034, *2 (M.D Fla. Mar. 26, 2014). Permitting the deposition to proceed comports with this goal. As such, Plaintiff's subpoena should not be quashed.

### B. The Cable Act Does Not Bar Discovery of the Subpoenaed Information

Defendant's entire argument against Plaintiff's requested discovery is premised upon a misreading of the Cable Act. Contrary to Defendant's representations, Plaintiff has not misstated the law. The Cable Act states that "[e]xcept as provided in paragraph (2), a cable operator shall not disclose personally identifiable information concerning any subscriber without prior written or electronic consent of the subscriber concerned…." 47 U.S.C. § 551(c)(1). Paragraph 2 then states: "A cable operator may disclose such information if the disclosure is, subject to subsection (h) of this section, made pursuant to a court order…." 47 U.S.C. § 551(c)(2(B). Accordingly,

---

[1] Plaintiff intends to conduct the deposition remotely via telephone or video saving time and money and easing any claimed burden for all involved.

subject to the limitations of subsection (h), personally identifiable subscriber information may be released only upon subscriber consent or court order. *See* 47 U.S.C. § 551(c)(1)–(2).

Defendant withholds his consent to the disclosure of his subscriber information and argues that subsection (h) precludes Plaintiff's discovery. Not so. Subsection (h) states that "a **governmental entity** may obtain personally identifiable information concerning a cable subscriber pursuant to a court order only if …. such entity offers clear and convincing evidence that the subject of the information is reasonably suspected of engaging in criminal activity…." 47 U.S.C. § 551(h); CM/ECF 46 at pp. 7-8. Defendant's argument is that Plaintiff is not entitled to obtain information about him pursuant to the Cable Act since Plaintiff "is not a governmental entity, by any means" and "has not shown clear and convincing evidence (or any evidence, for that matter) of criminal activity." *Id.*

Defendant readily acknowledges the frivolity of his argument by acknowledging that subsection (h) of the Cable Act was written "with law enforcement entities in mind." CM/ECF 46 at p. 9. Indeed, the limitation imposed in subsection (h) of the Cable Act and upon which Defendant now relies is a limitation that, on its face, applies only to law enforcement entities in the context of criminal cases; it was provided simply to ensure that governmental entities meet the reasonable suspicion standard when seeking subscriber information. *See* 47 U.S.C. § 551(h)(1) and committee notes; *Fitch v. Doe*, 869 A.2d 722, 728 (Me. 2005) (explaining that "[i]f the government wants the information [to support the prosecution of a crime], it must demonstrate, by clear and convincing evidence, reasonable suspicion of criminal activity"). "When the party seeking information is *not* a governmental entity, § 551(h) is not applicable." *Fitch*, 869 A.2d at 278. *See also e.g. Malibu Media v. John Does*, 12-cv-2096, CM/ECF 9 (E.D. Pa. June 28, 2012) ("Section 551(h) is inapplicable here.") Defendant's citation to the Cable

4

Act's legislative history does not support his argument because he fails to address the legislative guidance which provides examples where private, non-governmental entities, would need access to subscribers information:

> A disclosure necessary to render a cable service or conduct a legitimate business activity related to a cable service would include, for example, disclosure to a debt collection agency for the purpose of collecting money due to the cable operator, or disclosure of information related to all cable subscribers by a cable operator who has sold the system to a subsequent owner.

H.R. Rep. No. 934, 98th Cong., 2d Sess. 77.

Clearly, Congress contemplated that instances would occur where entities other than the government would need access to cable subscriber information. Thus, subsection (h) does not—and was never intended to—prevent non-governmental entities from receiving subscriber information through a court order; subsection (h) simply dictates the standards required of a government entity. *See id.* Since Plaintiff "is not a government entity, by any means" and because this is a civil action not a criminal case, the limitation in subsection (h) is wholly inapplicable.

Defendant urges this Court to disregard the statutory purpose and to construe the "subject to" language in section (c)(b)(2) as a limit that permits only governmental entities to obtain evidence under the Cable Act. Defendant did not raise this argument when Plaintiff previously subpoenaed Verizon to obtain his name and address pursuant to the Cable Act, and Defendant makes no effort to distinguish his name and address (information he implicitly concedes is discoverable) from his other information (*e.g.*, his receipt of copyrighted notices, etc.). Regardless, but for the one case Defendant cites in his response, the case law—in this Circuit and nationwide—explicitly rejects Defendant's proffered interpretation of the Cable Act, as a matter of statutory construction, public policy, and equity. Virtually every court to address this issue

has made beyond clear that, with a court order, a copyright holder in a civil action is entitled to obtain any and all relevant subscriber information pursuant to section 551(c)(2)(B). *See, e.g.*, *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) ("There is no privilege or restriction on releasing *customer records* to a non-governmental entity pursuant to a court order"); *Malibu Media v. John Does*, 12-cv-2096, CM/ECF 9 (E.D. Pa. June 28, 2012) ("The Court disagrees with this interpretation because *Section 551(h) is inapplicable here*. Section 551(c)(2)(B) permits the court-ordered disclosure of Defendant's personally identifiable information pursuant to a court order, so long as Defendant is notified of the order. *Section 551(h) does not limit a non-governmental entity's ability to seek disclosure of subscriber information through a court order*."); *Malibu Media, LLC v. Does*, No. 12-235, 2012 WL 1681819, *1 (D.D.C. April 11, 2012) (holding that the Cable Act "allows disclosure of subscriber information by a cable operator to a non-governmental entity"); *Fitch*, 869 A.2d at 728 ("Doe contends that the reference to § 551(h) at the beginning of § 551(c)(2)(B) serves to meld the sections into one specific exception, applicable only when a governmental entity is seeking disclosure. *This misapprehends the plain language of the statute*. Section 551(c)(2)(B) allows a cable operator to disclose subscriber information when ordered to do so by a court. Section 551(h) imposes a stricter burden when it is a governmental entity seeking that information").

### C. Because Plaintiff May Obtain the Subpoenaed Information by Court Order Under 551(c)(2)(B), Examination of 551(c)(2)(A),(C) and (D) is Unnecessary

As demonstrated above, the Cable Act does *not* bar Plaintiff from subpoenaing the ISP for such information nor bar the ISP from releasing the information to Plaintiff pursuant to a court order. Plaintiff will obtain the necessary court order once Verizon objects to its subpoena. Because Verizon is entitled to release the information sought pursuant to 551(c)(2)(B), there is

no need to assess sections 551(c)(2)(A), (C), or (D); section 551(c)(2) authorizes disclosure of subscriber information if (A), (B), (C), *or* (D) is satisfied. Plaintiff seeks disclosure under subsection (B) only.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny the subject Motion and permit Plaintiff to proceed with its deposition *duces tecum* of Defendant's ISP.

Dated:  September 30, 2015.

>Respectfully submitted,
>LIPSCOMB EISENBERG & BAKER, PL
>
>By: /s/ *M. Keith Lipscomb*
>**M. Keith Lipscomb, Esq.**
>Florida Bar No. 429554
>klipscomb@lebfirm.com
>**Daniel C. Shatz, Esq.**
>Florida Bar No. 94696
>dshatz@lebfirm.com
>2 South Biscayne Blvd.
>Penthouse 3800
>Miami, FL 33131
>Telephone: (786) 431-2228
>Facsimile:  (786) 431-2229
>*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

>By: /s/ *Daniel C. Shatz*