# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
|     Plaintiff, | ) Civil Action No. |
| v. | ) 8:14-cv-02138-VMC-MAP |
| WILLIAM SHARP, | ) |
|     Defendant. | ) |

## MOTION FOR PROTECTIVE ORDER
## AND MOTION TO QUASH SUBPOENA BY VERIZON ONLINE LLC

Pursuant to Fed. R. Civ. P. 26(c) and 45(d), third-party Verizon Online LLC ("Verizon") moves the Court for a protective order and to quash the subpoena served on Verizon by Malibu Media on September 22, 2015. The grounds for this motion include that the subpoena is defective on its face and would impose an undue burden on Verizon, which has been required to respond to *many hundreds* of subpoenas from Malibu Media. The deposition subpoena was served on Verizon six days before the proposed deposition (which Plaintiff unilaterally set for September 28, 2015, on the eve of the discovery cut-off). It sought to require Verizon's employees to travel from their offices in the Washington, D.C. area to Texas to give testimony, in violation of Federal Rule of Civil Procedure 45(c); and it seeks a wide range of information that is not relevant to the underlying lawsuit, is prohibited from disclosure by the Cable Communications Act, or is more properly sought from a party to the lawsuit, rather than from Verizon.

1

I.     **INTRODUCTION AND BACKGROUND**

These cases are among thousands of "Doe" defendant actions filed in courts across the country, seeking personal information from Internet Service Providers ("ISPs") about the ISPs' subscribers. The cases typically follow "a common arc":

> (1) a plaintiff sues anywhere from a few to thousands of Doe defendants for copyright infringement in one action; (2) the plaintiff seeks leave to take early discovery; (3) once the plaintiff obtains the identities of the IP subscribers through early discovery, it serves the subscribers with a settlement demand; (4) the subscribers, often embarrassed about the prospect of being named in a suit, settle ….

*McGIP, LLC v. Does*, No. C 11-02331, 2011 U.S. Dist. LEXIS 108109, at *11 n.5 (N.D. Cal. Sept. 16, 2011).

These cases impose undue burdens upon the ISPs, including Verizon, who have been called upon to respond to many hundreds of subpoenas from Malibu Media alone. (Federal court records show that Malibu Media has filed more than 1,500 "Doe" defendant copyright lawsuits so far this year alone. *See* the concurrently filed Declaration of Benjamin J. Fox, Ex. A.) The subpoenas have required a large amount of Verizon's employees' time to evaluate and respond to competing and sometimes overlapping requests for information, and they compete with other pressing requests for information by law enforcement officials and others in unrelated investigations. (*See* concurrently filed Declaration of Neil T. Schmidt from Verizon ¶¶ 2-4.)

Given the proliferation of "Doe" actions involving pornographic films, courts increasingly are scrutinizing whether Plaintiff's subpoenas to the ISPs justify the burdens imposed by them—with several courts recognizing that Malibu Media's litigation tactics

2

do not support burdening a third party with Plaintiff's discovery demands. *See*, *e.g.*, *Malibu Media, LLC v. Doe*, No. 15 Civ. 4369 (AKH), 2015 U.S. Dist. LEXIS 87751, *9-16 (S.D.N.Y. July 6, 2015) (discussing Malibu Media's "history of abuse of court process"); *Malibu Media v. Does 1-10*, 2012 U.S. Dist. LEXIS 89286, at *9 (C.D. Cal. July 27, 2012) ("[t]he Court will not idly watch what is essentially an extortion scheme"). Additional authority cited, *post*.

Here, Plaintiff has not demonstrated "good cause" for extending the discovery cut-off, and nor has it taken the required "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The subpoena was served on the eve of the discovery cut-off (September 22) and sought a deposition and production documents on six days' notice. *See*, *e.g.*, *Yormak v. Yormak*, No: 2:14-cv-33, 2014 U.S. Dist. LEXIS 175413, at 4 (M.D. Fla. Dec. 19, 2014 (quashing subpoena where "the non-parties were provided only 6 days' notice of a subpoena … which fails to allow a reasonable time to comply and is an undue burden").[1]

The subpoena was issued from this district but served in Texas, and purports to command the appearance of Verizon's representatives — who *reside in the D.C. area* — to appear and testify in a faraway state, i.e., outside the 100-mile radius for commanding testimony of a witness. Fed. R. Civ. P. 45(c)(1)(A) & (c)(2)(A) (subpoenas requesting testimony or production of documents at a deposition must be set for a location within 100 miles of when a person resides, is employed, or regularly transacts business in

---

[1] The subpoena also was not accompanied by the required witness fee for deposition testimony. Fed. R. Civ. P. 45(b)(1). (Schmidt Decl. ¶ 6.)

person). And, the subpoena seeks information that is not relevant to the underlying dispute (or could be obtained without burdening a non-party) and that goes far beyond that authorized by the Cable Communications Act as discoverable from an ISP. Verizon served written objections on September 28, yet Plaintiff failed to inform the Court of Verizon's objections — and instead misleadingly represented to the Court that Plaintiff would "obtain the necessary court order *once Verizon objects* to its subpoena." (Dkt. 53 at 6, filed October 1, 2015 [emphasis added].)

At bottom, Malibu Media's subpoenas impose a significant, cumulative burden on Verizon, while "us[ing] the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and to coerce payment from them." *K-Beech, Inc. v. Does*, 2011 U.S. Dist. LEXIS 124581, at *7 (E.D. Va. Oct. 5, 2011); *see also Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 928-29 (7th Cir. 2004) (rejecting argument that a subpoena causes no undue burden merely because "the administrative hardship of compliance would be modest," but considering instead "the rash of suits around the country" and the publicity generated). Given the defects in the subpoena and other problems addressed herein, Verizon respectfully submits that Plaintiff's request that a protective order should be issued and Plaintiff's subpoena should be quashed.

## II. THE SUBPOENA IS UNENFORCEABLE DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH RULE 45(C)'S REQUIREMENTS FOR ISSUANCE OF A PROPER SUBPOENA, NOTICE, AND SERVICE

Rule 45 provides in pertinent part that "a subpoena may command a person to attend a … deposition only as follows:"

> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
> (B) within the state where the person resides …

Fed. R. Civ. P. 45(c)(1). The rule similarly provides that a subpoena demanding the production of documents must be limited to a "place 100 miles away the person resides, is employed, or regularly transacts business in person . . ." Fed. R. Civ. P. 45(c)(2)(A).

The subpoena flouts Rule 45(c)'s requirements. It improperly demands that Verizon's employees, who work and reside in the Washington, D.C. area, travel to San Angelo, Texas on short notice for a deposition and to bring documents with them.[2] For these reasons alone, the subpoena is improper and should be quashed.

The six-day turnaround demanded by Plaintiff also violates the Federal Rules and common sense in seeking information from a third party. *Yormak*, 2014 U.S. Dist. LEXIS 175413, at 4 (six days' notice is improper); *see also Pacific Century Ltd. v. Does 1-37*, 282 F.R.D. 189, 196 (N.D. Ill. 2012) ("The court recognizes the burden on ISPs caused by such subpoenas…. Even though any one subpoena may impose a relatively

---

[2] Verizon's website states that, for efficient processing, civil subpoenas should be served on Verizon's subpoena processing unit in Texas. Malibu Media's outside general counsel, Keith Lipscomb, who had been communicating with Verizon about these discovery issues, is well aware based on his many contacts with Verizon that Verizon's employees with knowledge of these issues are located in the D.C. area.

modest burden, over time the burden on the ISPs of multiple subpoenas may be substantial."). Plaintiff's counsel wait until the eve of the discovery cut-off to contact Verizon about Malibu Media's purported need for a deposition — that delay was no fault of Verizon's. *See*, *e.g.*, *Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688 (S.D. Fla. 2014) (plaintiff had no right to take deposition after discovery cut-off).

### III. THE SUBPOENA IS IMPROPER BECAUSE IT SEEKS INFORMATION THAT IS NOT DISCOVERABLE OR THAT SHOULD BE OBTAINED, IF AT ALL, FROM A PARTY TO THE LAWSUIT

Verizon previously responded to a subpoena in this case and provided the name and contact information of the subscriber associated with the IP address in question. Nothing presented by plaintiff justifies burdening Verizon with a further subpoena.

The additional information sought by plaintiff — correspondence between Verizon and the subscriber, information about the rental of modems or other equipment, Verizon's policies and procedures for renting equipment or suggesting that customers secure modems, and the subscriber's Internet usage — is either irrelevant, outside the discovery permitted by the Cable Act, or should be sought (if at all) from defendant.

The Cable Communications Policy Act sets forth limited circumstances in which cable providers can provide information in response to discovery or a court order:

> Except as provided in paragraph (2), a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator.

47 U.S.C. § 551(c)(1) ("Disclosure of personally identifiable information").

Subparagraph (c)(2) of the Act, referenced in the quotation above, provides only limited exceptions for broader disclosures by cable operators. As relevant here, the Act permits disclosure pursuant to a court order only *if* "the disclosure does not reveal, directly or indirectly, the-- (I) extent of *any viewing or other use by the subscriber of a cable service or other service* provided by the cable operator, or (II) *the nature of any transaction made by the subscriber over the cable system* of the cable operator . . ." 47 U.S.C. § 551(c)(2)(C)(ii) (emphasis added). This is precisely the sort of information Malibu Media seeks to pursue from Verizon. The information is simply not discoverable and an extension of time to pursue it should not be permitted.

Plaintiff's contrary interpretation of the Cable Act — as recited in its opposition filed October 1, 2015 (Dkt. 53) — is wrong. Plaintiff relies erroneously on subsection (c)(2)(**B**), which places restrictions on governmental entities that seek information from ISPs. (*See* 47 U.S.C. § 551(c)(2)(B), referring to subsection (h), which addresses law enforcement subpoenas.) The separate prohibition against disclosing the "*viewing or other use by the subscriber of a cable service or other service*" or the "*the nature of any transaction made by the subscriber over the cable system*" is contained in section 551, subsection (c)(2)(**C**), which applies to all subpoenas: This subsection says nothing about government-entity subpoenas and applies squarely here. *See, e.g., Scofield v. Telecable of Overland Park, Inc.*, 973 F.2d 874, 877 (10th Cir. 1992) (explaining in civil litigation between customer and cable company that cable company "is not capable of disclosing 'the extent of viewing or other use by the subscriber of a cable service or other service' or 'the nature of any transaction made by the subscriber over the cable system of the cable

7

operator,' as prohibited by section 551(c)."); *Nat. Satellite Sports, Inc. v. Eliadis, Inc.*, No. 5:97CV3096, 1998 U.S. Dist. LEXIS 21537, at *18 (N.D. Oh. Sept. 10, 1998) (§ 551(c) "was enacted to prevent the collection of information about viewer habits.").[3]

In any event, Plaintiff has made no showing — and cannot show — that any issue in this lawsuit would turn upon Verizon's policies and procedures, or that Verizon could have information showing whether the subscriber, or some other person, downloaded plaintiff's pornography without paying for it.  As courts have explained,

> Due to the proliferation of wireless internet and wireless-enabled mobile computing (laptops, smartphones, and tablet computers), it is commonplace for internet users to share the same internet connection, and thus, share the same IP address.  Family members, roommates, employees, or guests may all share a single IP address ….

*Malibu Media v. Does*, 2012 U.S. Dist. LEXIS 152500, at *8-9 (C.D. Cal. Oct. 10, 2012) (denying discovery of ISPs in 33 consolidated lawsuits).

Verizon does not monitor or obtain information about which members of a household use an IP address, or whether a subscriber's Internet connection is secured or shared by friends, neighbors, or others.  The defendant alone would have that information.

Finally, there are practical implications of Plaintiff's sought-after discovery.  With more than one thousand cases filed by Malibu Media this year alone, permitting depositions of Verizon would create an entire industry devoted to discovery of ISPs —

---

[3] It also defies common sense that civil litigants like Malibu Media would be permitted a broader range of discovery about Verizon's subscribers than law enforcement. Nothing in the Cable Act suggests the Legislature intended that absurd result.

and take away from resources needed to respond to law enforcement personnel and others who require Verizon's attention to emergency criminal investigations, and other pressing business. The discovery sought by Plaintiff is not appropriate under the circumstances.

IV.     **THE SUBPOENA IMPOSES AN UNDUE BURDEN ON VERIZON**

Where, as here, the discovery sought would not be used for a proper purpose at trial, or the burdens outweigh any alleged need for it, good cause for permitting discovery of a third party is lacking. *See*, *e.g.*, *In re: AF Holdings LLC v. Does 1-1,058*, 752 F.3d 990 (D.C. Cir. 2014) (addressing the good cause standard for permitting discovery of ISPs in Doe defendant litigation involving pornographic films, and reversing district court order allowing discovery of the ISPs); *Malibu Media, LLC v. Doe*, *supra*, 2015 U.S. Dist. LEXIS 87751, *9-16 (denying leave to take discovery based on Malibu Media's history of discovery abuse); *Malibu Media LLC v. Doe*, 2013 U.S. Dist. LEXIS 128615 (W.D. Wis. Sept. 10, 2013) (same; criticizing Plaintiff's practice of including extraneous information in its complaints as an improper and abusive litigation tactic); *see also Ingenuity 13 LLC v. Doe*, 2013 U.S. Dist. LEXIS 64564 (C.D. Cal. May 6, 2013).

## V. CONCLUSION

For all the reasons discussed herein, Verizon respectfully submits that a protective order should be issued prohibiting any further discovery from Verizon, and the subpoena served on Verizon on September 22, 2015, should be quashed.

**ATTORNEY'S RULE 3.01(G) CERTIFICATE**

I hereby certify that on October 5, 2015, counsel for Verizon Online, LLC communicated with counsel for Plaintiff, in an attempt to resolve the issues in this motion; counsel for Plaintiff opposes the relief requested herein; a resolution was not reached, necessitating the filing of this motion.

Dated: October 5, 2015

Respectfully submitted,

/s/ Eric S. Adams
Eric S. Adams, Esquire
Florida Bar No. 0090476
eadams@shutts.com
SHUTTS & BOWEN LLP
4301 W. Boy Scout Blvd., Suite 300
Tampa, FL 33607
Telephone: (813) 229-8900
Facsimile: (813) 229-8901
*Attorneys for Third-Party Verizon Online LLC*

Of Counsel:

Benjamin J. Fox, Esquire
Soo Park, Esquire
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA 90017-3543
Telephone: 213.892.5200
BFox@mofo.com
Spark@mofo.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2015, I filed electronically the foregoing with the Clerk of the Court via CM/ECF system which will notify all persons authorized to receive notices of electronic filing.

                                                    /s/ Eric S. Adams
                                                        Attorney